IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               No. CR 08-2345 JB

ENRIQUEZ LARRETA-ROMERO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed November 12, 2009 (Doc. 31)("Memo."). The Court held a sentencing hearing on November 24, 2009. The primary issues are: (i) whether the Court should grant Defendant Enriquez Larreta-Romero's request for a downward departure of his criminal history category based on cultural assimilation; and (ii) whether the Court should grant Larreta-Romero a variance to a sentence below the guideline range. The Court will deny Larreta-Romero's request for a downward departure, but grant his request for a variance.

The Presentence Investigation Report, disclosed October 30, 2009 ("PSR") calculates that Larreta-Romero has an offense level of 20 and a criminal history category of III, resulting in a guideline imprisonment range of 41 to 51 months. In his Sentencing Memorandum, Larreta-Romero argues for a downward departure because he is a "de facto 'citizen' of the United States of America" based on cultural assimilation. Memo. at 3-4 (citing United States v. Rodriguez-Montelongo, 263 F.3d 429 (5th Cir. 2001)). "Because of his ties to the United States[,] being deported represents a much greater hardship to Laretta than it would to other similarly situated who have not developed the family ties and history in the United States that Laretta has developed through his many years

working and living in the United States." Memo. at 3-4.  Larreta-Romero also objects to paragraph 12, which recommends a 16-level enhancement to his offense level, and asks the Court to consider a downward variance "to ensure that Laretta does not receive a sentence greater than one sufficient under the circumstances."  Memo. at 5.  The United States rejects both arguments, asserting that Larreta-Romero is not entitled to a cultural-assimilation downward departure or a variance.  See United States' Response to Defendant's Sentencing Memorandum at 2-6, filed November 11, 2009 (Doc. 32)("Response").

      The Court has reviewed the PSR, both addendums to the PSR, and the briefing and arguments of the parties.  The Court finds that a downward departure for cultural assimilation is not warranted under the facts of this case.  Although Larreta-Romero has connections to the United States, he was an adult when he arrived in the United States and has substantial connections to Mexico.  He is not that dissimilar to many other defendants who appear before the Court on similar charges.  There exist no special circumstances to take him outside the heartland of illegal-reentry cases.  The Court finds, however, that the facts of this case warrant a variance from the guideline sentence.  The Court believes that the 16-level enhancement for the drug-trafficking offense, while intended by Congress to be a severe penalty, is too severe given the fact that Larreta-Romero has been in the United States for such a long time and that this crime was a break in what appears to be an otherwise law-abiding life.  On the other hand, it is a fairly recent crime, and the sentence has to reflect its seriousness.  The Court believes that something more in line with a 12-level enhancement, rather than a 16-level enhancement, is appropriate here.  And the Court thus believes that a sentence consistent with an offense level of 16 and a criminal history category of II -- that is, of 24 to 30 months -- is more appropriate for Larreta-Romero.

      The Court believes that a sentence of 24 months reflects the seriousness of this offense,

which is an unlawful reentry.  It believes that this sentence promotes respect for the law, provides a more just punishment, and, the Court hopes, will afford adequate deterrence.  Furthermore, because Larreta-Romero does not have much criminal history, and none of it is violent, the Court finds that this sentence is adequate to protect the public and, ultimately, fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The Court will therefore sentence Larreta-Romero to a term of 24 months in the custody of the bureau of prisons.

**IT IS ORDERED** that Defendant Enriquez Larreta-Romero's requests in his Sentencing Memorandum are granted in part and denied in part.  Larreta-Romero's request for a downward departure to a lower criminal history category is denied.  The Court grants Larreta-Romero's request for a variance to a sentence below the guideline range.  The Court sentences Larreta-Romero to a term of 24 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
John Anderson
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jerry A. Walz
Alfred D. Creecy
Walz and Associates
Cedar Crest, New Mexico

*Attorneys for the Defendant*